# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| ENSERION, LLC, § | |
| § | |
| v.   § | Civil Action No. 4:20-cv-108 |
| § | Judge Mazzant |
| ORTHOFIX, INC. § | |
| § | |
| § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Orthofix's Motion to Dismiss Under Rule 12(b)(6) (Dkt. #11). Having considered the motion and the relevant pleadings, the Court finds that it should be **DENIED**.

## BACKGROUND

On February 13, 2020, Plaintiff Enserion sued Defendant Orthofix for patent infringement (Dkt. #1). On June 22, 2020, Defendant filed its Motion to Dismiss (Dkt. #11). On July 14, 2020, Plaintiff responded (Dkt. #20). On July 27, 2020, Defendant replied (Dkt. #23). On August 3, 2020, Plaintiff filed its Sur-Reply (Dkt. #24).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded

facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

After a careful review of the Complaint, the Motion, and relevant briefing, the Court finds that Defendant's motion is denied without prejudice.

Whether a claim is directed to patent-ineligible subject matter is a question of law that may contain underlying factual issues. *Accenture Global Services, GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1341 (Fed. Cir. 2013). While claims may be dismissed at the pleading stage, it requires the Court to recognize the asserted claims as abstract and not transformative. *Retractable Technologies, Inc. v. Becton, Dickinson and Co.*, 659 F.3d 1369, 1370 (Fed. Cir. 2011) (per curiam). Determining the claims' scope—and thus whether they are directed at patent-ineligible subject matter—often requires claim construction. *See id.*; *Ectolink, LLC v. Elavon, Inc.*, No. 6:15-CV-760, 2016 WL 7670060 (E.D. Tex. Sept. 7, 2016), *adopted sub nom.*, 2016 WL 7665862 (E.D. Tex. Sept. 28, 2016). Therefore, "it will ordinarily be desirable—and often necessary—to resolve claim construction disputes prior to a § 101 analysis, for the determination of patent eligibility requires a full understanding of the basic character of the claimed subject matter." *Bancorp Services, L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)*, 687 F.3d 1266, 1273–74 (Fed. Cir. 2012).

This is such a case. The claim construction hearing is currently scheduled for February 25, 2021 and will provide the Court a more complete understanding of the claimed invention. The motion to dismiss should be denied, without prejudice to similar motions following claim construction.

## CONCLUSION

It is therefore **ORDERED** that Defendant Orthofix's Motion to Dismiss Under Rule 12(b)(6) (Dkt. #11) is hereby **DENIED WITHOUT PREJUDICE**.

**SIGNED** this 16th day of September, 2020.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE